UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

M.P.,

Petitioner,

v.

CHRISTOPHER LaROSE; PATRICK DIVVER; MARKWAYNE MULLIN; TODD LYONS; and TODD BLANCHE,

Respondents.

Case No.: 3:26-cv-3243-JES-MSB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner M.P.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 3), Respondents filed a return, and Petitioner filed a traverse. ECF Nos. 5, 6.

Petitioner M.P. is a citizen of Iran who entered the United States on March 6, 2025, and has remained detained ever since. ECF No. 1. In the return, Respondents state: "Taking into consideration those prior rulings [in this District] and the length of time Petitioner has been in custody, the government concedes that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." ECF No. 5 at 1. The Court agrees, for the reasons set forth

1

in *Sandesh v. LaRose*, No. 26-CV-0846-JES-DDL, 2026 WL 622690 (S.D. Cal. Mar. 5, 2026). The Court incorporates its reasoning in that case by reference here.

In Petitioner's traverse, he highlights the government's concession but argues that the remedy of a bond hearing held by an immigration judge ("IJ") is not a sufficient remedy. ECF No. 6. He argues for these remedies: (1) release, or (2) this Court to hold its own bond hearing, or (3) if this Court were to order a bond hearing to be held in front of an IJ, that this Court order certain instructions to the IJ to ensure a fair hearing.

The Court has addressed the situation that Petitioner is in several times in its prior cases. *See, e.g.*, *Sandesh*, 2026 WL 622690; *Safinejad v. LaRose*, No. 26-CV-531-JES-AHG, 2026 WL 280217 (S.D. Cal. Feb. 3, 2026); *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *1 (S.D. Cal. Jan. 5, 2026). The Court has found that an individualized bond hearing is the appropriate remedy in each of these cases. This also comports with the remedies granted in several other cases in other districts. *See, e.g.*, *Kadir v. Larose*, No. 25CV1045-LL-MMP, 2025 WL 2932654, at *6 (S.D. Cal. Oct. 15, 2025); *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025); *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025); *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *8 (S.D. Cal. Nov. 4, 2025). Thus, the Court declines to order release or hold its own bond hearing under the circumstances of this case. However, the Court addressed in *Sandesh* certain due process protections that were appropriate to order for the bond hearing in front of the IJ, and the Court will adopt these protections here.

Accordingly, the Court **GRANTS** Petitioner's writ of habeas corpus, and **ORDERS** as follows:

(1) The Court **ORDERS** the government to provide the Petitioner (noncitizen) with a constitutionally adequate and individualized bond determination hearing within **fourteen days** of this Order, unless the noncitizen requests a continuance.

3:26-cv-3243-JES-MSB

a. At the hearing, the government **SHALL BEAR** the burden of establishing by clear and convincing evidence that the noncitizen is a danger to the community or a flight risk if released;

b. The IJ **SHALL** consider alternative conditions of release and the noncitizen's ability to pay bond if he or she determines bond is appropriate; and

c. The government **SHALL** make a complete record of the bond hearing available to the non-citizen and his counsel.

(2) The government is **ORDERED** to File a Notice of Compliance within **five days** of providing the noncitizen with the bond hearing, including apprising the Court of the results of the hearing and providing a copy of the bond order.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: June 22, 2026

Honorable James E. Simmons Jr.
United States District Judge

3